[No. 4201.]

## THE NORTH PACIFIC RAILROAD COMPANY v. T. REYNOLDS ET AL.

JUDGMENT IN GOLD COIN.—In a proceeding to condemn land for a public use,
    if the Court finds generally the value of the land taken, in dollars and
    cents, without saying that the estimated value is in gold coin, it cannot
    render a judgment in gold coin.

IDEM.—The point not decided whether, in proceedings to condemn land for
    a public use, the Court may find its value in gold coin, and render a
    judgment in gold coin.

SPECIAL DAMAGES IN TAKING LAND FOR A PUBLIC USE.—In a proceeding to
    condemn land for railroad purposes, the damage sustained by the de-
    fendant arising out of the shape in which his land is cut, the raising of
    the railroad track across it by an embankment, and the cutting off the
    remainder of the tract from a road, so as to injure its sale for home-
    stead purposes, are not special damages, and may be proved without
    being pleaded specially.

APPEAL from the District Court, Seventh Judicial District,
County of Marin.

The plaintiff was a corporation, organized for the purpose
of building a railroad from Saucelito, Marin County, to the
Walhalla River, in Sonoma County, and sought to condemn
several tracts of land for railroad purposes, and among
others a tract belonging to S. V. Smith. The plaintiff
sought to condemn a block of the land for depot purposes,
and a right of way forty feet wide across the remainder of
the tract. · On the trial, the defendant Smith was permitted,
against the objection of the plaintiff, to prove that the rail-
road across his land would be raised by an embankment of
earth three or four feet high, and which would be a disad-
vantage to the remainder of the land, and that the railroad
cut off the front of a part of his land from the county road,

which would injure its sale in small tracts for homestead purposes, and that the manner in which the railroad track cut the land left it in bad shape. The answer had not set up these facts but claimed damages generally. The court assessed the value of the depot lot and belt for the track at $2075, and the damages to the remainder of the land, by the construction of the road, at $1200, and adjudged the benefits to be $2, and rendered judgment for $3273. The plaintiff appealed. The proceeding was commenced under the provisions of Title VII, Part III, of the Code of Civil Procedure.

The other facts are stated in the opinion.

*E. B. Mahon*, for the Appellant.

The rule is, that where damages, though the natural result of the act complained of, are not the necessary result, they are special, and must be specially pleaded. (2 GreenL. Ev., Sec. 254; Sedg. on Dam. 575.)

*Sidney V. Smith, Jr.*, for the Respondent.

The damages termed special by the appellant are not special, for section 1248 of the Code of Civil Procedure requires the court to assess such damages.

By the Court, CROCKETT, J.:

1. There was a substantial conflict in the evidence as to the value of the land taken, and as to the damage and benefits to the remainder of the tract. In such cases we uniformly refuse to disturb the verdict or decision, on the ground that it was not justified by the evidence.

2. There were no formal, separate findings of fact; but the judgment of the court determined the value of the land proposed to be taken, and the benefits and damage to the remainder of the tract, stating the several sums in dollars and cents generally, without specifying that the said valuations were made on a gold coin basis. It then proceeds to render judgment for the aggregate of the several sums found to be due, and orders judgment to be made payable in gold coin. The proceeding was commenced after the Codes took

effect; and under the rule established by the Code of Civil Procedure, no findings of fact are implied in support of the judgment. On the contrary, when the facts are found it must appear affirmatively that they support the judgment. It is not necessary to decide whether it was competent for the court to ascertain the value in gold coin as contradistinguished from legal tender notes, and to render a judgment payable only in gold coin. Though the court finds generally the value of the land taken and the damages to the remainder of the tract, it does not appear that these estimates were made on a gold coin basis. That fact not appearing, it was error to render a judgment for gold coin, even though it be conceded that such a judgment would otherwise have been authorized.

3. The point made by the appellant, that the court erred in admitting proof of special damage, not alleged in the answer, is untenable. There was no proof of special damage in the proper sense of that term.

4. We discover no error in the rulings of the court in respect to the admission or exclusion of evidence.

Order and judgment affirmed, except as to that portion of the judgment which requires payment in gold coin; and in that particular the cause is remanded, with an order to the court below to modify the judgment in accordance with this opinion.

Mr. Justice Rhodes did not express an opinion.